**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MAGGIE ROSE WASHENKO,

        Plaintiff,

v.                          Case No. 8:23-cv-1359-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.

_____

# OPINION AND ORDER[2]

## I.  Status

Maggie Rose Washenko ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of insomnia, two surgeries on her right shoulder, shoulder and leg pain, arthritis in her spine causing pain, herniated/bulging discs, limited mobility with walking and standing, occasional wheel chair use, and high blood pressure.

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 11), filed August 14, 2023; Reference Order (Doc. No. 14), entered September 5, 2023.

Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed August 11, 2023, at 62-63, 77, 268.[3] Plaintiff protectively filed an application for DIB on February 21, 2019, alleging a disability onset date of December 31, 2015.[4] Tr. at 223-24. Later, Plaintiff amended the alleged disability onset date to August 1, 2016. Tr. at 1088, 1219-20. The application was denied initially, Tr. at 62-74, 75, 91, 97-99, and upon reconsideration, Tr. at 76-89, 90, 92, 101-07.

On March 5, 2021, an Administrative Law Judge ("ALJ") held a hearing,[5] during which he heard testimony from Plaintiff, who appeared with a non-attorney representative, and a vocational expert ("VE"). See Tr. at 33-61. On April 12, 2021, the ALJ issued a decision finding Plaintiff not disabled through December 31, 2020, the date she was last insured for DIB (the "DLI"). See Tr. at 16-26.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 215-16 (request for review). On October 4, 2021, the Appeals Council denied Plaintiff's request

---

[3] Some of the documents in the administrative transcript are duplicated. Citations are to the first time a document appears.

[4] Although actually completed on February 22, 2019, see Tr. at 223, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as February 21, 2019, see, e.g., Tr. at 62, 77.

[5] The hearing was held via telephone, with Plaintiff's consent, because of the COVID-19 pandemic. Tr. at 35, 165-66, 192.

for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner.

Plaintiff then appealed to this Court. Tr. at 1185-87. On July 6, 2022, the Court entered an Order granting Defendant's unopposed motion to reverse and remand the matter for re-evaluation of the persuasiveness of prior administrative findings and medical opinions. Tr. at 1195-96; see also Tr. at 1197 (Judgment reversing and remanding the matter).

On remand, the Appeals Council entered an Order on September 8, 2022 remanding the matter to an ALJ. Tr. at 1201-03. The ALJ held a hearing on February 27, 2023, during which he heard from Plaintiff (who was represented by counsel) and a VE.[6] Tr. at 1107-28. The ALJ issued a Decision on April 17, 2023 finding Plaintiff was not disabled through December 31, 2020, the DLI. Tr. at 1087-98. The Appeals Council did not assume jurisdiction, making the ALJ's Decision the final decision of the SSA. On June 19, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff contends "[t]he ALJ failed to properly evaluate Plaintiff's [residual functional capacity ('RFC')], especially regarding the opinion evidence, consistent with SSA policy and Eleventh Circuit precedent."

---

[6] This hearing was also held via telephone, with Plaintiff's consent, because of the ongoing COVID-19 pandemic. Tr. at 1109, 1259-77, 1279.

- 3 -

Plaintiff's Brief – Social Security (Doc. No. 16; "Pl.'s Br."), filed September 19, 2023, at 1, 4 (emphasis omitted). On November 20, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Def.'s Mem.") addressing the issue. Then, on November 30, 2023, Plaintiff's Reply Brief – Social Security (Doc. No. 22; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart,

---

[7]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 1090-97. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her amended alleged onset date of August 1, 2016, through her [DLI] of December 31, 2020." Tr. at 1090 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff through the DLI "had the following severe impairments: degenerative disc disease and osteoarthritis." Tr. at 1090 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff through the DLI "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 1090 (emphasis and citation omitted).

The ALJ determined that Plaintiff had the following RFC through the DLI:

> [Plaintiff could] perform light work as defined in 20 CFR [§] 404.1567(b) except [Plaintiff] can lift and/or carry 20 pounds occasionally; lift and/or carry 10 pounds frequently; stand and/or walk 6 hours in an 8-hour workday; sit 6 hours in an 8-hour workday. [Plaintiff] may never climb ladders, ropes, or scaffolds, occasionally stoop, climb ramps and stairs, kneel, crouch, and crawl. [Plaintiff] may frequently reach overhead bilaterally. [Plaintiff] must avoid concentrated exposure to vibrations and hazards.

Tr. at 1092 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff through the DLI "was capable of performing past relevant work as a bartender." Tr. at 1096 (emphasis omitted). The ALJ then made alternative findings at the fifth and final step of the sequential inquiry. After considering Plaintiff's age ("53 years old . . . on the [DLI]"), education ("limited education"), work experience, and RFC, the ALJ relied on the VE's testimony and found through the DLI that "there were other jobs that existed in significant numbers in the national economy that [Plaintiff] also could have performed," Tr. at 1096-97, such as "Survey Worker," "Ticket Taker," and "Ticket Seller," Tr. at 1097 (some emphasis and citation omitted). The ALJ concluded Plaintiff "was not under a disability . . . at any time from August 1, 2016, the amended alleged onset date, through December 31, 2020, the [DLI]." Tr. at 1097 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a

preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff argues the ALJ erred in addressing the opinion evidence, focusing almost entirely on the medical source statement of her treating pain management specialist, Vipul Kabaria, M.D.[8] Pl.'s Br. at 1, 3, 4-22; Reply at 1-

---

[8]  Plaintiff also "observ[es]" at the end of her brief that the non-examining state-agency opinions upon which the ALJ partially relied did not review the evidence in its entirety. Pl.'s Br. at 20. However, the ALJ himself reviewed the entirety of the evidence, and the ALJ did not rely exclusively on these opinions.

4. According to Plaintiff, the ALJ provided insufficient articulation for finding Dr. Kabaria's opinion to be unpersuasive, and the reasons he did provide are not supported by the evidence. Pl.'s Br. at 11-20. Responding, Defendant contends the ALJ properly evaluated the opinion and found it to be unpersuasive. Def.'s Mem. at 3-5.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical

sources." 20 C.F.R. § 404.1520c(a).[9] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not

---

[9] Plaintiff filed her application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

- 9 -

exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[10]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, Dr. Kabaria has been treating Plaintiff monthly since October 2009. Tr. at 796, 800. On January 27, 2020, he completed a Physical Medical Source

---

[10] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

Statement in which he opined that Plaintiff's symptoms include "chronic low back, midback, neck [and] right shoulder pain." Tr. at 796. With medication, Plaintiff's pain is rated 6/10; without medication, it is a 9/10. Tr. at 796. According to Dr. Kabaria, Plaintiff can walk one quarter to one half of a city block at a time; she can sit for thirty minutes at a time and stand for ten minutes at a time. Tr. at 797. She can sit and stand/walk for less than two hours total in an eight-hour day. Tr. at 797. Plaintiff will need unscheduled breaks during the day. Tr. at 797. She also needs a wheelchair if occasionally standing or walking. Tr. at 797.

Dr. Kabaria opined Plaintiff can frequently lift and carry ten pounds, occasionally twenty pounds, and never fifty pounds. Tr. at 797. Plaintiff can only occasionally reach and handle with both hands and frequently finger and feel with both hands. Tr. at 798. According to Dr. Kabaria, Plaintiff is likely to have good days and bad days, and she will be absent more than four days per month due to her impairments. Tr. at 798. She also needs unscheduled lie down periods of two to three hours throughout the day. Tr. at 798.

The Appeals Council, in remanding the matter to the ALJ following this Court's remand, pointed out specific instances of inadequate explanation by the ALJ with respect to Dr. Kabaria's opinion. Tr. at 1201-03. The ALJ was aware of the basis for the remand. See Tr. at 1087-88. When it came time to reevaluate

Dr. Kabaria's opinion on remand, the ALJ summarized the opinion in detail and then made the following findings:

> While the doctor's treatment history supports limitations in most of these areas, such restrictive limits equating to less than sedentary work are unsupported by the remaining examinations of record. Therefore, this opinion is unpersuasive. For example, imaging and examinations have been consistent with degenerative change[s] and osteoarthritis. Also, Dr. Kabaria has noted painful range of motion of the lumbar spine and tenderness to palpation of the lumbar spine. It is also cited physical therapy was ultimately unsuccessful in improving [Plaintiff's] pain. Although the doctor's records document painful range of motion and tenderness, there does not appear to be any mention of decreased strength (in any extremity), disturbed or abnormal gait, reduced mobility in any upper or lower extremity, and no suggestion of any manipulative deficits. Additionally, some of these examinations are outside of the period of consideration. Nevertheless, these reports of tenderness and painful/reduced lumbar motion have certainly been considered and accommodated in [Plaintiff's RFC]. However, absent any additional findings of weakness, difficulty ambulating, trouble using her hands, and/or reduced mobility in the upper or lower extremities, a limitation to less than sedentary is simply not supported by the remaining evidence of record. Though physical therapy records documented [Plaintiff's] posture was abnormal and stooped; her gait and stance were abnormal and antalgic; her step length was abnormal and decreased; her gait speed was decreased; she was unable to walk heel to toe; and her straight-leg test was positive bilaterally, again, such findings were not reported longitudinally throughout the remaining evidence of record. Still, a limitation to light work with postural, environmental, and reaching limitations accommodates for these remote findings, where her additional physical examination noted that [Plaintiff]

> consistently had normal gait and normal muscle strength.

Tr. at 1095-96 (citations omitted).

The ALJ's analysis reflects adequate consideration of the required factors and, although a close case, is supported by substantial evidence. This is not a matter of the ALJ relying solely on evidence in support of his findings to the exclusion of other evidence in the file. Rather, he weighed the evidence and ultimately concluded Plaintiff is capable of light work with additional restrictions, contrary to the bulk of Dr. Kabaria's opinion. The ALJ recognized that there are documented instances of abnormal and antalgic gait and other abnormal findings in the physical therapy records, see Tr. at 1095 (ALJ), 903-59 (physical therapy records), but also that the consultative examination documented normal gait and strength, see Tr. at 1095 (ALJ), 789-94 (consultative examination findings); see also Tr. at 1093-94 (ALJ detailing other evidence of normal gait). Moreover, the ALJ "considered and accommodated" the "reports of tenderness and painful/reduced lumbar motion" that are documented in Dr. Kabaria's notes. Tr. at 1095 (ALJ), 778-80, 785-87, 988-1016 (Dr. Kabaria's notes). In the end, the ALJ assessed that Dr. Kabaria's assigned limitations are inconsistent with most of the evidence of record, and the undersigned may not reweigh the evidence in reviewing that assessment. It is supported by substantial evidence and need not be disturbed.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 26, 2024.

<em>James R. Klindt</em><br>
JAMES R. KLINDT<br>
United States Magistrate Judge

kaw
Copies:
Counsel of Record